IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ROBERT GLASS**                                                                                                      **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 3:13cv662-WHB-RHW**

**GOVERNOR PHIL BRYANT**
**and STATE OF MISSISSIPPI**                                                                **DEFENDANTS**

### REPORT AND RECOMMENDATION

Before the Court is [2] the *pro se* Plaintiff's October 22, 2013 motion for leave to proceed *in forma pauperis* (IFP) in this contemporaneously filed purported civil rights lawsuit against Governor Phil Bryant and the State of Mississippi.  On October 23, 2013, the Court entered [3] an order holding the IFP motion in abeyance and requiring Plaintiff to file an amended complaint no later than November 15, 2013, "to provide additional information as to the **specific acts** which he contends violated his civil rights, the **dates of such acts** and the **identity of the person who committed each such act**."  (emphasis in original).

On October 23, 2013, Plaintiff filed [4] an eight-page, single-spaced, somewhat legible, hand-written response to the order.  Since then he has filed two "letters" with the Clerk in which Plaintiff repeatedly asks the Court to let him proceed without paying the filing fee.  [5], [6] The undersigned has spent considerable time trying to decipher these documents, and as best the undersigned can determine, Plaintiff still has provided no information as to any "**specific acts**..., the **dates of such acts** and the **identity of the person who committed each such act**."

Even under the notice pleadings standard of Rule 8, FED.R.CIV.P., one must provide facts sufficient to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," and to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555-556 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Careful study of Plaintiff's pleadings reveals nothing more than conclusory allegations by Plaintiff that his constitutional rights have been violated.  Such allegations do not satisfy minimal requirements of pleading a cause of action.

Furthermore, contrary to the sparse information provided in his application to proceed *in forma pauperis*,[1] Plaintiff has since filed documents wherein he continually refers to himself as a "self-made millionaire," [4, pp. 1, 4, 5, 7, 8], [5, pp. 1, 2, 4, 5], [6, pp. 1, 5]; states he is self-employed [6, p. 3]; that he owns his own business [6, pp. 1, 2, 3, 4, 5]; that it is no one else's concern how many houses or homes he has [6, pp. 3, 5]; that he is rich enough that he "can fly in and out of Meridian as regular as (he wants)" and that he does not need money and is "rich enough as it is" [4, p. 3] [5, p. 4]; that he has "plenty of money here now I can stay bold or get a house wherever I want even in another country - one thing about being rich and wealthy..." [4, p. 7]; and that he is "rich and wealthy here today" [6, p. 4].  In light of these representations, the undersigned is of the opinion that the motion to proceed IFP should be denied.

## RECOMMENDATION

Based upon the information presented the undersigned recommends that the motion to proceed *in forma pauperis* be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve

---

[1] The IFP application states Plaintiff has average monthly income of $722.00, owns his own home, has no bank accounts, cars, or dependents, and has total monthly expenses of $80-250 for utilities, $70-80 for food, and $24 for laundry/dry cleaning.

and file written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 14th day of November, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE