IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ROBERT GLASS**                                                              **PLAINTIFF**

VS.                                           CIVIL ACTION NO. 3:13-cv-662-WHB-RHW

**GOVERNOR PHIL BRYANT and**
**STATE OF MISSISSIPPI**                                                      **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the November 14, 2013, Report and Recommendation of United States Magistrate Judge Robert H. Walker, recommending that Plaintiff's Motion to Proceed *In Forma Pauperis* be denied. Having Considered the Report and Recommendation, Plaintiff's response thereto, and the other pleadings in this case, the Court finds the Report and Recommendation is not clearly erroneous or contrary to law. The Court additionally finds this case should be dismissed, without prejudice, as frivolous under 28 U.S.C. § 1915(e)(2)(b).

### I.   Factual Background and Procedural History

On or about October 22, 2013, Plaintiff, Robert Glass ("Glass"), filed a lawsuit in this Court against the State of Mississippi and its Governor, Phil Bryant. The "Fact" section of his Complaint provides: "From people and governments violating my constitutional right and individual and personal liberties and to enjoy my own money from other what's here was a free gift. Peace."

Glass's Complaint also contains several stray comments including: "Phil better get off his Ass I start talking to people here"; "Judge have you ever heard governments or anybody telling people where they can dam stay"; and "I told other people if they want to argue what's mines, get ass in court here and get recorded".

The matter came before United States Magistrate Judge Robert H. Walker on October 23, 2013, on Glass's Motion to Proceed *In Forma Pauperis*. After reviewing the Complaint, Judge Walker found it was "largely illegible, appears to be devoid of facts, and leaves the Court unable to ascertain any factual basis for [Glass's] claim of violation." See Order [Docket No. 3]. Judge Walker, therefore, ordered Glass to file an Amended Complaint on or before November 15, 2013, providing additional information regarding the specific acts by which his rights were allegedly violated, the identity of the individuals who committed the alleged acts, and the dates on which the acts occurred. Id. Glass was warned that the failure to provide additional information would result in Judge Walker's recommending that his case be dismissed. Id. Glass was also notified that his Motion to Proceed *In Forma Pauperis* would be held in abeyance pending the filing of his Amended Complaint. Id.

On October 29, 2013, Glass sent an eight-page letter to the Court. In his letter, Glass indicates that "all these dam suits here and still not doing a dam bit of good here people don't

comprehend and compute making me richer and richer here." See Letter [Docket No. 4]. Glass also asks: "Judge can you be forced to stay somewhere against your will because of your free gift money from other suits?" Glass's letter also (1) includes several references to sabotage, and (2) frequently indicates that he has constitutional and personal rights, and that he needs decisions regards what's his. The letter, as deciphered by the Court, however, makes no mention as to the manner in which Glass's rights have allegedly been violated or by whom.

On November 1, 2013, Glass sent a second, five-page letter to the Court. This letter begins with "Judge I think people actually crazy enough to think their opinion matters when it comes to my free gift here don't forget self made millionaire here which means I don't have to explain nothing to no one about mines and what I do with it." See Letter [Docket No. 5], 1. Glass then asks that the Court let his lawsuit "go ahead and go here now without paying filing fee" and that his "issues are mainly here constitutional and civil liberties, individual and personal freedom with my riches and wealth here enjoy my free gift here more better right again. Everybody pursuit of happiness probably isn't the same." Id. at 5. This letter, again, makes no mention as to the manner in which Glass's rights have allegedly been violated or by whom.

On November 5, 2013, Glass sent a third, five-page letter to the Court reiterating his same vague claims regarding the lawsuits

he has filed, his having constitutional and personal rights, and that he needs the Court to "settle these issues with my constitutional rights and civil liberties and individual and personal freedoms."  See Letter [Docket No. 6], 5.  This letter, again, makes no mention as to the manner in which Glass's rights have allegedly been violated or by whom.

On November 14, 2013, Judge Walker entered a Report and Recommendation ("R&R"), recommending that Glass's Motion to Proceed *In Forma Pauperis* be denied based on (1) his repeated statements regarding his level of wealth, and (2) his repeated failure to provide facts or other information regarding the alleged violations of his rights.  See R&R [Docket No. 7], 1-2.  Glass respond to the R&R with a one-page letter dated November 22, 2013.  See Letter [Docket No. 9].  In his Letter, Glass indicates "I finish with this here unless I have more problems with these issues."  Id.  Glass also informs Judge Walker "you don't like my terms which means nothing left for me to tell you but to kiss my ass."  Id.

**II.  Discussion**

A district judge's review of a magistrate judge's ruling on a non-dispositive motion is governed by Rule 72(a) of the Federal Rules of Civil Procedure, which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a

>  written order stating the decision.  A party may serve
>  and file objections to the order within 14 days after
>  being served with a copy.  A party may not assign as
>  error a defect in the order not timely objected to.  The
>  district judge in the case must consider timely
>  objections and modify or set aside any part of the order
>  that is clearly erroneous or is contrary to law.

FED. RULE CIV. P. 72(a).  See also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Merritt v. International Bhd. of Boiler Makers, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under § 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law standard'; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations under § 636(b)(1)(B).").  Thus, upon a timely filed objection, a district judge may modify or set aside a magistrate judge's ruling if that ruling is clearly erroneous or contrary to law.  FED. R. CIV. P. 72(a).

Here, Judge Walker recommended the denial of Glass's Motion to Proceed *In Forma Pauperis* based on (1) his repeated statements regarding his level of wealth, and (2) his repeated failure to provide facts or other information regarding the alleged violations of his rights.  See R&R [Docket No. 7].  Having reviewed the R & R and other pleadings/letters in this case, the Court finds Judge Walker's recommendation is neither clearly erroneous nor contrary to law.  As opposed to merely denying *in forma pauperis* status,

5

however, the Court finds this case should be dismissed pursuant to 28 U.S.C. § 1951(e) because the Complaint is completely frivolous and fails to state any claim on which relief may be granted.  See 28 U.S.C. § 1951 (e)(2)(B)(i)&(ii)(providing that "the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"); Peters v. Klevenhagen, 1995 WL 581581, at *1 (5th Cir. Aug. 25, 1995) (explaining that a "complaint filed *in forma pauperis* may be dismissed as frivolous pursuant to § 1915 if it has no arguable basis in law or fact.").

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 7] is hereby accepted.

IT IS FURTHER ORDERED that this case is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii) because the Complaint is completely frivolous and fails to state any claim on which relief may be granted.  An Order of Dismissal dismissing this case without prejudice shall be entered this day.

SO ORDERED this the 30th day of December 2013.

s/ William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE